1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL McDONALD,                    )
                                     )
          Plaintiff,                 )          Case No. C05-1832-JLR-JPD
                                     )
          v.                         )
                                     )
KEITH PON, et al.,                   )          ORDER RE:  PLAINTIFF'S PENDING
                                     )          MOTIONS AND REQUESTS
          Defendants.                )
_____     )

16       This is a civil rights action brought pursuant to 42 U.S.C. § 1983.  Plaintiff has filed

17  numerous motions and other requests for action which are currently pending before the Court.  The

18  Court has now reviewed each of plaintiff's pending requests for relief and does hereby find and

19  ORDER as follows:

20       (1)     Plaintiff's motion to amend his complaint (Dkt. No. 29) is GRANTED.  Plaintiff, by

21  way of this motion, seeks to make some clarifications with respect to the defendants identified in his

22  first amended civil rights complaint.  Plaintiff has filed, in conjunction with his motion to amend, a

23  document which he identifies as an "amended complaint."  This document is more properly

24  construed as a supplement to plaintiff's first amended complaint because plaintiff merely seeks to

25

26  ORDER RE: PLAINTIFF'S PENDING
    MOTIONS AND REQUESTS - 1

1  clarify that defendants Keith Pon, Mike Monica, and Mike Sant are named in their individual

2  capacities, and that neither the City of Federal Way nor the Federal Way Police Department is a

3  named defendant in this action.

4         Defendants have filed a response to plaintiff's motion to amend in which they question the

5  necessity of the amendment, but otherwise do not oppose it.  As defendants will suffer no prejudice if

6  plaintiff is permitted to supplement his complaint in the manner requested, plaintiff's motion to

7  amend is granted.

8         (2)    Plaintiff's request that documents be forwarded to a legal service (Dkt. No. 32) is

9  DENIED.  Plaintiff requests that both the Court and defendants forward all documents filed in this

10 action to him and to RMS Legal Services ("RMS").  Plaintiff asserts in this motion that he could be

11 transferred to any Department of Corrections facility without notice and he suggests that providing

12 copies of all pleadings and papers to RMS will ensure his receipt of all necessary documents.

13 Because RMS is not a party to this action, RMS will not be added to this Court's service list nor will

14 defendants be required to forward copies to RMS.  Plaintiff need only keep the Court and

15 defendants' counsel apprised of his current address to ensure that he receives all necessary copies.

16        (3)    Plaintiff's motion for an order directing defendants' counsel to provide an address for

17 Mike Monico (Dkt. No. 33) is STRICKEN.  Plaintiff asks that defendants' counsel be directed to

18 provide an address for unserved defendant Mike Monico because plaintiff does not have access to the

19 resources necessary to locate the address on his own.  It does not appear from the record that plaintiff

20 ever served a copy of this motion on counsel for defendants as required by Local Rule CR 7(b)(1).

21 Defendants must be properly served before the Court will entertain this motion.  Accordingly, the

22 motion will be stricken from the court's calendar at this time.  Plaintiff may request that the motion

23 be re-noted for consideration once he has provided proof to the Court that he has properly served the

24 motion on defendants' counsel.

25
   ORDER RE: PLAINTIFF'S PENDING
26 MOTIONS AND REQUESTS - 2

1  (4)  Plaintiff's request for a copy of the United States District Court Civil Justice Delay

2  and Expense Reduction Plan (Dkt. No. 34) is DENIED.  Plaintiff fails to make clear that this

3  document is either necessary or relevant to the instant action.   The Court therefore declines to

4  provide it.

5  (5)  Plaintiff's request for production of documents (Dkt. No. 35) is STRICKEN as

6  discovery requests such as this one should not be filed with the Court, but should instead be sent

7  directly to defendants.

8  (6)  Plaintiff's request for appointment of counsel and for an order directing that he be

9  provided telephone access (Dkt. No. 36) is DENIED.

10  With respect to his request for appointment of counsel, plaintiff is advised that there is no

11  right to have counsel appointed in cases brought under 42 U.S.C. § 1983.  Although the Court, under

12  28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the

13  Court may do so only in exceptional circumstances.  *Wilborn v. Escalderon*, 789 F.2d 1328, 1331

14  (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616

15  F.2d 1089 (9th Cir. 1980).  A finding of exceptional circumstances requires an evaluation of both the

16  likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in

17  light of the complexity of the legal issues involved.  *Wilborn*, 789 F.2d at 1331.  Plaintiff has neither

18  demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the

19  legal issues involved, he is unable to articulate his claims pro se.  Thus, plaintiff has not

20  demonstrated that this case involves exceptional circumstances which warrant appointment of

21  counsel at the present time.

22  With respect to his request for an order directing the superintendent and the associate

23  superintendent of the Stafford Creek Corrections Center ("SCCC") to provide him with the telephone

24  access necessary to prosecute this case, plaintiff is advised that the Court has no jurisdiction over

25  
26  ORDER RE: PLAINTIFF'S PENDING
MOTIONS AND REQUESTS - 3

1  these individuals as neither is a party to this action.  The Court also notes that plaintiff has apparently

2  now been transferred to the Washington State Penitentiary which effectively moots this request.

3        (7)     Plaintiff's motion to compel discovery (Dkt. No. 39) is DENIED.  Plaintiff, by way of

4  this motion, seeks an order compelling defendants to provide him with copies of his criminal court

5  transcripts.  Defendants oppose this motion on the grounds that plaintiff failed to meet and confer

6  prior to filing his motion to compel as required by Fed. R. Civ. P. 37(a)(2)(A).  Defendants also

7  assert that the requested transcripts are not in their possession.  Plaintiff, in a brief filed in support of

8  his motion to compel, asserts that he has attempted to meet and confer in good faith.[1]  Regardless of

9  whether plaintiff attempted to meet and confer as required under the discovery rules, defendants

10  cannot be compelled to produce documents which are not in their possession.  Accordingly,

11  plaintiff's motion to compel must be denied.

12        (8)     The Clerk is directed to send copies of this Order to plaintiff, to counsel for

13  defendants, and to the Honorable James L. Robart.

14        DATED this 26th day of March, 2007.

15

16  *James P. Donohue*
    JAMES P. DONOHUE
    United States Magistrate Judge

17

18

19

20

21

22 _____

23     [1] Plaintiff identified this document as a motion to strike defendants' opposition to plaintiff's
motion to compel.  However, the document is properly construed as a reply brief in support of
24  plaintiff's motion to compel.  Plaintiff's motion to strike (Dkt. No. 42) is therefore STRICKEN from
the Court's motion calendar.

25
ORDER RE: PLAINTIFF'S PENDING
26  MOTIONS AND REQUESTS - 4